JOHNSON *v.* STORY *et als.*

SOLICITOR's LIEN. *Compromise.* A compromise in good faith between parties litigant in this court cannot, ordinarily, be prevented or affected by the claims of solicitors for professional services in other causes.

FROM KNOX.

Appeal from the Chancery Court at Knoxville. O. P. TEMPLE, Ch.

TAYLOR for complainant.

WASHINGTON for defendants.

COOPER, J., delivered the opinion of the court.

The complainant, being a judgment creditor of Lemuel Story, filed this bill to reach a debt due by note payable to Mary Story, the daughter of Lemuel, as the property of the debtor, and such proceedings were had that a final decree was rendered in his favor for the debt, from which the defendants appealed, but only Mary Story gave the necessary ap-

peal bond.   After the rendition of the decree, three solicitors, not retained in the particular case, filed a petition stating that two of them had, as attorneys for the complainant, recovered the judgment on which the bill was based, and one of these two, with the other solicitor, had, as counsel of the complainant, successfully defended a bill filed by defendant Lemuel Story to perpetually enjoin the judgment, and asking that a lien be declared in their favor, on the recovery in this cause, for their fees for professional services in the other causes.    Upon this petition alone, so far as appears, the Chancellor gave the petitioners a lien "upon the decree rendered and upon all moneys realized upon it."    The complainant and the appellant have now compromised the litigation in this court.   The appellant and her husband, with whom she has since intermarried, agree to pay the costs, the counsel fees of the complainant in this cause, and to pay complainant fifty-six dollars, and, in consideration whereof, the complainant agrees to dismiss his suit and release all right of action against any of the parties growing out of a government claim mentioned in the pleadings.    The appellant and her husband now ask for a decree in accordance with this compromise, and that the fund in controversy, which, it seems, has been paid into court by the debtors, be paid to them.    The complainant admits the compromise, and offers no objection to the decree asked.    The appellants may take the decree accordingly.    The proceedings on the petition of the solicitors in the court below present no obstacle to the decree.    The order

upon that petition undertook only to give a lien on the decree rendered by that court and the moneys realized upon it.    But the appeal vacated that decree, and left nothing for the order to operate on.    Those proceedings are not before us, and, of course, can have no effect upon the rights of the appellant, who *is* no party to them.    A compromise in good faith between parties litigant cannot, ordinarily, be prevented or affected by the lien of counsel for professional services in the particular cause, as has recently been held by this court, nor, *a fortiori*, by the claims of solicitors for professional services in other causes.